IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAY TIMOTHY LURZ, #288-968        *
      Plaintiff
   v.                                      *     CIVIL ACTION NO. PJM-10-1106

LT. ROBERT FRIEND, et al.,        *
      Defendants
                            ***

MEMORANDUM OPINION

Pending is a Motion to Dismiss or for Summary Judgment filed by Defendants. ECF No. 12. Plaintiff has responded. ECF No. 14. The case is ripe for dispositive review. Upon review of the papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

**Background**

Plaintiff alleges that on or about June 7, 2007, while housed on disciplinary segregation at WCI, Officer Stott entered his cell, gave Plaintiff a confiscation form, and instructed him to address it to send all of his property out of the institution due to a new rule that required that "any prisoner that receives 180 days or more on lock up as of 1/1/07 has to send his property home." Plaintiff told Stott that he received his lock up time before January 1, 2007, and therefore the rule did not apply to him. Stott again advised Plaintiff that his property needed to be sent out of the institution. Plaintiff requested a hearing. On June 20, 2007, Stott again requested an address where Plaintiff's property could be sent, and Plaintiff again requested a hearing. Later that day, Plaintiff saw Lt. Friend and advised Friend that he had received his lock up time prior to the change in the property allowance. Friend advised Plaintiff that "I made the rule and I changed the rule." ECF No. 1.

Plaintiff had a hearing on June 10, 2009 concerning his property. He was advised that all of his property had been disposed of. Plaintiff states this was improper because once he filed an administrative remedy request, pursuant to Division of Correction Directives, all of his property must be held for 120 days and the disposition of his property must be delayed until the completion of the administrative process. ECF No. 1.

The uncontradicted evidence show that on December 7, 2006, Lt. Friend, the Unit Manager of Housing Unit 4, proposed a change to WCI policy regarding the storage of property for inmates who had been given disciplinary segregation sentences of 180 days or longer. The property of these inmates would be inventoried and they would be permitted to keep only the items permitted under Institutional Directive 110-6-2. Non-indigent inmates would be provided an opportunity to mail the remainder of their property to friends or family at their own expense. If the inmate failed to provide an address or sign a money voucher, the property would be disposed of in accordance with DCD 220-004. Lt. Friend's proposal regarding disposition of segregation inmate's property was approved by WCI's Chief of Security, Assistant Warden and Warden. Plaintiff refused to sign the Notice of Confiscation, Inmate Personal Property Disposition and failed to provide an address where his property could be mailed. ECF No. 1, Attachment.

**Standard of Review**

**A.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's Complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**A.     Loss of Property**

Under 42 U.S.C. § 1983, Plaintiff must establish violation of a constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979). Prisoners typically have a liberty interest where good time credits are lost (thus lengthening the amount of time to be served), or where actions are taken that unexpectedly exceed the scope of their sentence. In such circumstances, the procedural protections of the Due Process Clause come into play. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Where these contingencies are not implicated, prisoner due process rights will be found based on mandatory language in state law or regulations that create enforceable expectations,[1] and where the adverse action imposes "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]

---

[1] *See Wolff v. McDonnell*, 418 U.S. 539, 545 n. 5 (1974); *see also Meachum v. Fano*, 427 U.S. 215, 228 (1976).

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient

4

**B.  DCD violation**

The Court finds that the Institutional Directive requiring confiscation and disposition of personal property for those on long-term disciplinary segregation does not contain mandatory language permitting confiscation only in instances where such sanction is incorporated into the adjustment sanction handed down by a hearing officer.  Furthermore, prisoners for a variety of reasons, including space limitations, are directed to send property to the "outside" for safe-keeping.  That Plaintiff was provided this option while serving a long-term disciplinary segregation sentence does not amount to an "atypical and significant hardship...in relation to the ordinary incidents of prison life" in violation of *Sandin*, 515 at 484-86.  To the extent that written directive were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process.  *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[4]

### Conclusion

For the reasons stated above, Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment shall be granted.  A separate order follows.

June 14, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[4] Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

5